**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **AMY HERNANDEZ, individually** | § | |
| **and as next friend of R.J., a minor** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:25-cv-00408** |
| | § | |
| **SUNBEAM PRODUCTS, INC.** | § | |
| | § | |
| **Defendant.** | § | |

## <u>COMPLAINT</u>

This is a personal injury case arising out of negligence and strict liability causes of action. Plaintiffs, Amy Hernandez, individually and as next friend of, R.J., a minor, assert the following factual allegations and causes of action against Defendant, Sunbeam Products, Inc. and would respectfully show the Court the following:

### I.    Parties

1.     Plaintiff Amy Hernandez is an individual residing in Comal County, Texas.

2.     Minor Plaintiff R.J. is an individual residing in Comal County, Texas.

3.     Defendant Sunbeam Products, Inc. is a Delaware corporation doing business in Texas and may be served process by serving it registered agent in Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, TX 78701.

## II.    Jurisdiction and Venue

4.    Complete diversity of citizenship exists between the parties, and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs. Therefore, this court has diversity jurisdiction under 28 U.S.C. 1332.

5.    Venue is proper in the Western District of Texas San Antonio Division, pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omission giving rise to the claim occurred in Comal County, Texas, which is in the Western District San Antonio Division. Plaintiff would show that the incident made basis of this suit occurred in New Braunfels, Comal County, Texas.

## III.    Facts

6.    On October 20, 2023, Plaintiff Amy Hernandez used her Crock-Pot Express Crock Multicooker, Model Number SCCPPC600-V1 (hereinafter referred to as "Pressure Cooker"), to cook beans for herself and her daughter, Plaintiff R.J; R.J. celebrated her 11th birthday the day before this incident. This incident happened at Ms. Hernandez's home in New Braunfels, Texas.

7.    Defendant Sunbeam Products, Inc. designs, manufactures, markets, imports, distributes, and sells a wide-range of consumer products, including the subject Pressure Cooker.

8.      Defendant Sunbeam Products, Inc. claims that its Pressure Cookers are designed with "safety in mind"[1] with features such as "safety sensors"[2] so that "[o]nce the pressure increases, the Lid cannot be opened."[3]

9.      After the beans had been cooking for some time, Plaintiffs were both in their kitchen when the lid of the Pressure Cooker came loose, allowing the scalding hot contents of the Pressure Cooker to be forcefully ejected from the Pressure Cooker and onto Plaintiffs.

10.     Plaintiff Amy Hernandez suffered burns to her face, insider her mouth, neck, left shoulder, back, and buttocks.

11.     Minor Plaintiff R.J. suffered burns to her right arm, face, neck, chest, and right hip.

12.     The lid should not have been able to open while under pressure.

13.     Upon information and belief, the Pressure Cooker's lid was designed and manufactured in a way that the lid could be installed backwards; when it was backwards, pressure could still build within the cooker, but the lid was not fully locked.

14.     This design was carried out by Defendant despite the existence of economical, safer alternative means.

---

[1] See Sunbeam Products, Inc. Crock-Pot Express Crock Multicooker Owner's Manual, pg. 10, attached hereto as Exhibit A.

[2] *Id.*

[3] *Id.*

15.    That is, designing a lid that could only be placed on in a way that fully sealed the lid (as intended) would have prevented or significantly reduced the risk of this incident without substantially impairing the product's utility.

16.    Further, such a design was economically and technologically feasible at the time the product left Defendant's control by the application of existing or reasonably achievable scientific knowledge.

17.    Despite claims of safety, Defendant Sunbeam Products, Inc. designed, manufactured, marketed, imported, distributed, and sold, both directly and through third-party retailers, a product that suffers from dangerous defects—namely, a lid that could allow pressure to build within the Pressure Cooker while not being fully locked.

18.    On November 24, 2020, the Consumer Products Safety Commission ("CPSC") announced a recall of more than 900,000 of Defendant Sunbeam Products, Inc.'s 6-quart SCCPPC600-V1 pressure cookers—including the subject pressure cooker—after receiving "119 reports of lid detachment, resulting in 99 burn injuries ranging in severity from first-degree to third-degree burns."[4]

19.    Plaintiff Hernandez purchased and used the Pressure Cooker with the reasonable expectations that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

---

[4] See CPSC Recall Notice from November 24, 2020, a copy of which is attached hereto as Exhibit B.

20. Plaintiffs used the Pressure Cooker for its intended purpose of preparing meals for themselves and/or their family and did so in a manner that was reasonable and foreseeable by Defendant Sunbeam Products, Inc.

21. However, the aforementioned Pressure Cooker was defectively designed by Defendant in that it failed to properly function as to prevent the lid from being removed while the unit remained pressurized; placing the Plaintiffs and other similar consumers in danger while using the Pressure Cooker.

22. Defendant's Pressure Cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be opened while the unit remains pressurized.

23. As a direct and proximate result of Defendant Sunbeam's defective design, its failure to warn consumers of such defects, its negligent misrepresentations, and its failure to remove a product with such defects from the stream of commerce, Plaintiffs used an unreasonably dangerous Pressure Cooker which resulted in significant and painful bodily injuries.

24. Consequently, Plaintiffs seek damages resulting from serious bodily suffered from the use of the defective Pressure Cooker.

**IV. Cause of Action – Strict Products Liability and Negligence**

25. Plaintiffs incorporate by reference each preceding paragraph as though set forth fully at length herein.

26.    The Pressure Cooker at issue in this suit was designed, tested, manufactured, constructed, marketed, distributed, sold and/or placed into the stream of commerce by and through the agents and/or representatives of Defendant.

27.    Defendant was regularly engaged in the business of supplying or placing products, like the Pressure Cooker in question, in the stream of commerce for use by the consuming public, including Plaintiffs. Further, such conduct was solely for commercial purposes.

28.    At the time of Plaintiff's injuries, the Pressure Cooker was defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiffs.

29.    The Pressure Cooker was in the same or substantially similar condition as when it left Defendant's possession.

30.    Plaintiffs did not materially alter the Pressure Cooker.

31.    The Pressure Cooker did not perform as safely as an ordinary consumer would have expected it to perform when used in a reasonably foreseeable way.

32.    There were no mandatory safety standards or regulations adopted and promulgated by the federal government or an agency of the federal government that were applicable to the Pressure Cooker at the time of manufacture and that governed the product risk that allegedly caused harm. Alternatively, the design of the Pressure Cooker did not comply with mandatory safety standards or regulations adopted by the federal government that were applicable to the Pressure Cooker model at the time of the manufacture and governed the risks that caused Plaintiff's injuries. Again, in the alternative, in the event that such standards were in effect, and they were

6

complied with, they were nonetheless inadequate to protect the public from unreasonable risks of injury or danger, or the manufacturer, before or after marketing the Pressure Cooker, withheld or misrepresented the information or material relevant to the federal governments or agencies' determination of adequacy of the safety standards or regulations at issue in the action.

33.    With respect to the design of the Pressure Cooker, at the time it left the control of Defendants, there were safer alternative designs. Specifically, there were alternative designs that, in reasonably probability, would have prevented or significantly reduced the risk of injury to Plaintiff. Furthermore, such safer alternative designs were economically and technologically feasible at the time the product left the control of Defendants by the application of existing or reasonably achievable scientific knowledge.

34.    At the time the Pressure Cooker left the control of Defendants, it was defective and unreasonably dangerous in that it was not adequately designed, manufactured or marketed to minimize the risk of injury. By way of example and without limitation, the product in question was unreasonably and dangerously defective in the following ways:

      a. The Pressure Cooker was defectively designed in that it was not reasonably fit for clearly foreseeable circumstances and uses;

      b. Failing to design/manufacture the Pressure Cooker in a way to prevent the lid from opening while the contents of the pot were under pressure;

      c. Failing to design/manufacture the Pressure Cooker in a way that prevents the contents from pressurizing when the lid is not fully secured;

d. Marketing the Pressure Cooker as a product with safety designs intended to prevent the lid from opening while the contents of the pot were under pressure;

e. Marketing the Pressure Cooker as a product with safety designed intended to prevent the contents of the pot from becoming pressurized in the event the lid is not fully secured;

f. Failing to include adequate warnings and/or instructions to alert the user that it was unsafe to use in a foreseeable manner and had a propensity to fail.

35. The above unreasonably dangerous defects in the Pressure Cooker in question were the proximate and producing cause of Plaintiffs' injuries and damages.

36. Defendant breached its duty of care and was thus negligent by:

a. designing and/or distributing the model product at issue with a design standard that was intended to meet the minimum government regulations, instead of safely designing the Pressure Cooker to reasonably minimize injuries in foreseeable accidents;

b. failing to adequately monitor the performance of the model product at issue in the field to ensure that they were reasonably minimizing injuries in the circumstances of the products' intended or reasonably foreseeable uses;

c. failing to adequately test the model product at issue to ensure that it would be reasonably safe in the circumstances of the products' intended or reasonably foreseeable uses;

d. failing to adequately test the model product at issue to ensure that it would withstand reasonable pressure in the course of ordinary and foreseeable use;

e. failing to adequately test the model product at issue to ensure that it would not pressurize unless the lid was fully secured in the course of ordinary and foreseeable use; and

f. failing to recall, retrofit, or issue post-sale warnings after Defendants knew, or should have known, that the was defective and unreasonably dangerous.

8

## V.    Damages

37.    Plaintiffs have suffered and will suffer the following damages:

    a.  past and future pain and suffering;

    b.  past and future mental anguish;

    c.  past and future medical expenses;

    d.  past and future physical impairment; and

    e.  past and future disfigurement.

## VI.    Jury Demand

38.    Plaintiffs demand a jury trial.

## VII.    Prayer for Relief

39.    Plaintiffs request that Defendant be cited to appear and answer. Plaintiffs request that after final hearing, they have judgment against Defendant for:

    a.  all damages to which Plaintiffs are entitled;

    b.  pre-judgment and post-judgment interest at the legal rate;

    c.  costs of court; and

    d.  all other relief to which Plaintiffs are entitled.

Respectfully submitted,

/s/ Rian Butler
TBN: 24094110
Rian@ButlerInjury.com
**BUTLER INJURY LAW**
13341 US-290, Bldg 2
Austin, TX 78737
(512) 956-9610
(512) 727-8499
*Service: Service@ButlerInjury.com*
**ATTORNEY FOR PLAINTIFF**